```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH H. MASRI,

                                Plaintiff,                          REPORT AND RECOMMENDATION

                -against-                                           17-CV-8356 (AT) (KHP)

NEW YORK PRESBYTERIAN HOSPITAL, et al.,

                                Defendants.
-----------------------------------------------------------------X
```

**TO: THE HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE**
**FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

This action arises out of an incident that occurred at Defendant New York Presbyterian Hospital ("Hospital") on or about October 28, 2014. Plaintiff Joseph Masri, who was estranged from his wife, was visiting his severely ill 12-year-old son. Plaintiff's wife arrived at the hospital and informed the staff that she did not want Plaintiff to be present with her in the room while she visited their son. A dispute arose when Hospital staff asked Plaintiff to leave his son's hospital room. Defendant Jose Cruz ("J. Cruz"), a peace officer, with the assistance of Defendants Alddy Cruz ("A. Cruz"), Victor Colon, and Nelson Junco, all private security guards of the Hospital, allegedly illegally removed Plaintiff from the room, detained and searched Plaintiff, and then called the New York Police Department ("NYPD") to arrest him. When the NYPD officers arrived at the hospital, they arrested Plaintiff for criminal trespass. The trespass charges ultimately were dropped.

Presently before this Court for Report and Recommendation are Defendants' Motion to Dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)

1

("Rule 12(b)") (Doc. No. 30) and Plaintiff's Cross-Motion to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") (Doc. No. 39). For the reasons discussed below, this Court respectfully recommends that Defendants' Motion to Dismiss be DENIED with respect to Plaintiff's cause of action under Section 1983 against Defendant Jose Cruz but GRANTED in all other respects as to all Defendants. This Court likewise recommends that Plaintiff's Motion to Amend be GRANTED insofar as it asserts a cause of action under Section 1983 against Defendant Jose Cruz but DENIED in all other respects.

## BACKGROUND

*I.    Factual Background*

On October 21, 2014, Plaintiff's son was transferred from a nursing home to the Hospital. (Doc. No. 39-1, Proposed Second Amended Complaint ("SAC") ¶ 17.) At the time, Plaintiff was estranged from his wife. (FAC ¶ 8; SAC ¶ 22.) Plaintiff contends that the Hospital initially provided him with a pass that permitted him to visit his son at any time and without time limits. (FAC ¶ 7; SAC ¶ 18.)

Subsequently, Plaintiff agreed not to visit his son during specific hours set aside for Plaintiff's wife to visit. (SAC ¶ 20.) This agreement was accompanied with the proviso that Plaintiff could be present when medical decisions concerning his son were to be made. (*Id.*) On days when Plaintiff's wife did not visit, Plaintiff could stay with his son as long as he wanted. (*Id.*)

Plaintiff alleges that his estranged wife repeatedly breached their hospital visiting agreement. (SAC ¶ 21.) Plaintiff complained to Hospital staff about his wife but, according to

Plaintiff, his complaints were ignored and his access to his son was further restricted. His wife's access was not similarly restricted. (*Id.*)

In the early afternoon of October 28, 2014, Plaintiff was visiting his son at the Hospital. (FAC ¶ 6; SAC ¶ 22.) Plaintiff's wife arrived and insisted to staff that she did not want Plaintiff to be present in the room when she visited their son. (FAC ¶ 9; SAC ¶ 22.) At about 3:00 p.m., Hospital staff asked Plaintiff to leave the room because his hospital visiting agreement provided that his wife had the right to visit their son alone every day between 3:00 and 10:00 p.m. (SAC ¶ 23.) Apparently, a disagreement about visiting ensued. At about 3:15 p.m., Defendant J. Cruz, assisted by the other individual Defendants, allegedly tackled Plaintiff, twisted his arm, handcuffed him, searched him, and seized his personal belongings. (FAC ¶ 13; SAC ¶¶ 4-5, 23-24.) The individual Defendants also took Plaintiff's hospital visiting pass and told him not return without permission from Patient Services. (FAC ¶ 12; SAC ¶ 22.)

While being handcuffed, Defendant J. Cruz told Plaintiff he was licensed by the NYPD and working on special assignment at the Hospital. (FAC ¶ 13; SAC ¶¶ 3, 22.) J. Cruz also allegedly made the comment, "[t]his is another Chasid arrested for fighting and abusing his wife." (SAC ¶ 25.) Defendant J. Cruz then called the NYPD, detaining Plaintiff until the police arrived. (FAC ¶¶ 11, 14-15; SAC ¶ 7.) When the police arrived, Defendant J. Cruz informed the NYPD officers that Plaintiff should be arrested and charged with misdemeanor trespassing based on what Plaintiff claims was false information about his conduct. (FAC ¶¶ 13, 16; SAC ¶¶ 5-7, 22.) The NYPD arrested Plaintiff and charged him with misdemeanor trespassing. (FAC ¶ 11; SAC ¶¶ 8-9.) The criminal case against Plaintiff eventually was dismissed upon

recommendation of the New York County Assistant District Attorney on or about December 17, 2014.  (FAC ¶¶ 17, 22; SAC ¶¶ 9, 22.)

## II.     Procedural History

Plaintiff, who is proceeding *pro se*, filed this action on October 27, 2017 – three years after the incident at the Hospital – asserting violations of his civil rights pursuant to 42 U.S.C. §§ 1983, 1985(c) ("Section 1983" and "Section 1985," respectively) and various tort claims under New York common law.  The original complaint named only the Hospital and J. Cruz as defendants but included "John Doe" defendants.  The Honorable Analisa Torres issued a *Valentin* Order directing the Hospital to identify the John Doe defendants, which it did.  Plaintiff then filed the FAC on March 18, 2018, adding the remaining individual Defendants.  Plaintiff asserts five causes of action in the FAC:  (1) violation of his civil rights, (2) unlawful imprisonment, (3) malicious prosecution, (4) intentional infliction of emotional distress, and (5) negligent infliction of emotional distress.

On May 30, 2018, Defendants moved to dismiss this action pursuant to Rule 12(b).  They argue that the New York tort claims are time-barred as against all Defendants and that the federal claims against Defendants A. Cruz, Colon, and Junco also are time-barred because they were added as defendants after the statute of limitations expired.  Defendants also argue that the Hospital and Defendants A. Cruz, Colon, and Junco are private actors and therefore cannot, as a legal matter, be liable for claims under Section 1983, which applies only to state actors.  Finally, they argue that the FAC fails to provide sufficient facts to support a claim under Section 1985 and a claim for negligent infliction of emotional distress.

On July 26, 2018, Plaintiff filed his opposition to the motion and a cross-motion to amend the complaint. His proposed SAC clarifies his claims in eight causes of action ("COA"). He asserts that all of the Defendants are liable for false arrest and imprisonment pursuant to Section 1983 (COA 1), malicious prosecution pursuant to Section 1983 (COA 2), and deprivation of his First and Fourth Amendment Rights to associate with his son in violation of Section 1983 (COA 3). He asserts that the individual Defendants are liable for conspiracy to deprive Plaintiff of his constitutional rights in violation of Section 1985 (COA 4), as well as false arrest and imprisonment (COA 6) and malicious prosecution (COA 7) under state law. Finally, he asserts that the Hospital is liable for failing to prevent the individual Defendants' conspiracy in violation of 42 U.S.C. § 1986 (COA 5) and vicariously liable for the state law torts of its employees under the doctrine of respondeat superior (COA 8).

Defendants oppose Plaintiff's request to file the SAC on the grounds that the amendments would be futile for the same reasons set forth in their motion to dismiss. Additionally, Defendants argue that the proposed new COA 5 against the Hospital is time-barred and that, even if the Section 1983 claims against the individual Defendants were not time-barred and they were deemed to be state actors, the individual Defendants would be entitled to qualified immunity.

Plaintiff submitted a Reply Memorandum of Law in support of his proposed amended complaint, in which he responded to Defendants' arguments. (Doc. No. 47). In his reply, Plaintiff concedes that his claims for false arrest and imprisonment and malicious prosecution under state law are time-barred. He also concedes that his proposed new claim against the Hospital pursuant to 42 U.S.C. § 1986 (COA 5) is time-barred.

## **LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). In order for a complaint to survive the motion, the court must determine that the complaint contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are not required, the complaint must contain more than mere "labels and conclusions." *Id*. It must contain more than naked assertions devoid of "further factual enhancement." *Id*. And, it must contain more than a "formulaic recitation of the elements of a cause of action." *Id*. As the U.S. Supreme Court explained in *Ashcroft v. Iqbal*, the "plausibility standard" asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

When a motion to dismiss is granted, the usual practice is to dismiss the claims without prejudice and grant plaintiff leave to amend the complaint. *Hayden v. Cnty. of Nassau,* 180 F.3d 42, 53 (2d Cir.1999). Under Rule 15(a), "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our

strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.,* 659 F.3d 208, 212-13 (2d Cir. 2011) (internal citation and quotation marks omitted).

However, a court may deny a motion to amend a complaint when the proposed amendments are futile.  Proposed amendments are futile when they would fail to state a claim under Rule 12(b)(6). *IBEW Local Union No. 58 Pension Tr. Fun & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ms, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).  Because determination of futility is subject to the same standards as a motion to dismiss under Rule 12(b)(6), "futility is generally adjudicated without resort to any outside evidence," and the court must accept all facts pleaded as true. *Wingate v.* Gives, No. 05-cv-1872 (LAK) (DF), 2009 WL 424359, at *5 (S.D.N.Y. Feb. 13, 2009) (citing *Nettis v.* Levitt, 241 F.3d 186, 194, n.4 (2d Cir. 2001)).

Finally, although *pro se* plaintiffs are subject to the same standards set forth above, a *pro se* plaintiff's complaint must be construed liberally, *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011), and interpreted as raising the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater,* 623 F.3d 90, 101 (2d Cir. 2010).

<strong>DISCUSSION</strong>

*I.     Certain of Plaintiffs' Claims are Time-Barred*

Claims that are time-barred are subject to dismissal under Rule 12(b)(6).  Consequently, a request to amend a pleading to add time-barred claims should be denied as futile. *See Gaston v. N.Y.C. Dep't of Health Office of Chief Med. Examiner*, 432 F. Supp. 2d 321, 328 (S.D.N.Y. 2006).

Because Plaintiff concedes that his claims for false arrest and imprisonment and malicious prosecution under state law are time-barred, these claims must be dismissed as against all Defendants, and Plaintiff should not be permitted to add them in an amended pleading.  (*See* Doc. No. 47.)  Likewise, Plaintiff concedes that his proposed new claim against the Hospital pursuant to 42 U.S.C. § 1986 (SAC, COA 5) is time-barred.  (*Id.*)  Thus, Plaintiff should not be permitted to add this claim to an amended pleading.  Plaintiff did not include a claim for intentional infliction of emotional distress in his SAC and presumably intends to abandon this claim.  But, in any event, the statute of limitations for this claim is one year from the date of the alleged acts.  N.Y. C.P.L.R. 215(3); *Yo Wen Mo v. Gee Ming Chan*, 17 A.D.3d 356, 358 (2d Dep't 2005).  To have been timely, this claim would have to have been filed by October 27, 2015.  Because this action was filed well after the one-year deadline, this claim is time-barred.  Therefore, Defendants' motion to dismiss should be granted with respect to this cause of action as against all Defendants to the extent Plaintiff has not expressly stated he is abandoning it.

As noted above, Defendants assert that the Section 1983 claims against Defendants A. Cruz, Colon, and Junco are also time-barred because these individuals were added as named defendants after the statute of limitations expired.  As discussed in Section IV below, Plaintiff's claims against these Defendants fail as a matter of law.  Therefore, the Court need not reach the question of whether the claims against them are time-barred.

II.     ***Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress***

Plaintiff's Fifth COA in the FAC pleads Negligent Infliction of Emotional Distress against each Defendant.  This COA was not included in Plaintiff's SAC, leading this Court to presume

that Plaintiff intends to abandon this claim. In any event, Plaintiff's FAC fails to state a claim for Negligent Infliction of Emotional Distress. To state a claim for Negligent Infliction of Emotional Distress, a plaintiff must allege that (1) he was owed a duty, (2) the defendant breached that duty, (3) the plaintiff suffered emotional injury as a result, and (4) the defendant's conduct unreasonably endangered the plaintiff's physical safety.[1] *Fisk v. Letterman*, 424 F. Supp. 2d 670, 676 (S.D.N.Y. 2006) (citing *Green v. Leibowitz*, 118 A.D.2d 756, 757 (2d Dep't 1986)). The duty owed "must be specific to the plaintiff, and not some amorphous, free-floating duty to society." *Mortise*, 102 F.3d at 696 (citing *Johnson v. Jamaica Hosp.,* 62 N.Y.2d 523, 526-27 (1984)); *Hopper v. Banana Republic, LLC*, No. 07-cv-8526 (WHP), 2008 WL 490613, at *2 (S.D.N.Y. Feb. 25, 2008). Plaintiff does not allege that any Defendant owed him a specific duty and thus does not state a claim for Negligent Infliction of Emotional Distress.

Therefore, Defendants' motion to dismiss should be granted with respect to this cause of action as against all Defendants.

### III.    *Plaintiff's Proposed Eighth Cause of Action Against the Hospital Fails as a Matter of Law*

Because Plaintiff cannot sustain any of the state law claims against the individual Defendants, his request to amend the complaint to add a claim against the Hospital under a theory of respondeat superior liability necessarily fails as well. *Harsco Corp. v. Segui*, 91 F.3d 337, 349 (2d Cir. 1996) (upholding dismissal of respondeat superior claims where there was no

---

[1] Alternatively, a plaintiff may state a claim for Negligent Infliction of Emotional Distress under the "bystander theory" by alleging that he (1) is threatened with physical harm as a result of defendant's negligence and (2) consequently suffers emotional injury from witnessing the death or serious bodily injury of a member of his immediate family. *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996). Plaintiff does not allege that he witnessed the death or serious bodily injury of a member of his immediate family and thus has not stated a claim under the "bystander theory."

9

surviving underlying theory of liability). Therefore, this Court recommends denying Plaintiff's request to amend his complaint to add this claim.

### IV.     *Plaintiff's Section 1983 Claims Against A. Cruz, Colon, Junco, and the Hospital Fail as a Matter of Law*

To assert a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege two things: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (internal citation omitted); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Claims under 42 U.S.C. § 1983 are subject to a three-year statute of limitations in New York. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).

A private individual generally cannot be sued under Section 1983 because private persons do not act under the color of state law. For this reason, courts typically dismiss claims against private security officers, such as Defendants A. Cruz, Colon, and Junco, and other private actors, such as Defendant Hospital. *See Blackwood v. Omorvan*, No. 16-cv-00644 (NSR), 2018 WL 816839, at *2 (S.D.N.Y. Feb. 8, 2018) ("A private security officer's detention of an alleged perpetrator of a crime which results in the perpetrator's arrest has been deemed a situation in which a security guard is not 'acting as an agent or instrument of the government,' and thus not acting under color of law.") (quoting *United States v. Abney*, No. 03-cr-60 (JGK), 2003 WL 22047842, at *5 (S.D.N.Y. Aug. 29, 2003), aff'd, 109 F. App'x 472 (2d Cir. 2004)); *Amofa v. Bronx-Lebanon Hosp. Ctr.*, No. 05-cv-9230 (SHS), 2006 WL 3316278, at *4 (S.D.N.Y. Nov. 13, 2006) (plaintiff's Section 1983 claim was dismissed against hospital defendant because hospitals are not generally state actors).

To sustain a Section 1983 claim against a private individual or entity, the plaintiff's complaint must include facts demonstrating that the private actor's conduct is "fairly attributable to the state." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (internal citation and quotation marks omitted) (upholding dismissal of Section 1983 claims because defendant insurer's conversion from a mutual company to a stock company pursuant to statute was not "state action," as required under Section 1983); *see also Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (citing A*m. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (finding that conduct of private animal-rescue organization was "fairly attributable" to the state where its performance of surgery on seized pets "flowed from, and [was] inexorably tied to, defendants' investigative and [law-]enforcement activities"). A private individual's verbal complaint to police that leads to an arrest is not sufficient to state a claim under Section 1983 absent improper influence or control by the private individual. *Kelly v. Yorktown Police Dep't*, No. 05-cv-6984 (DC), 2006 WL 3316183, at *5-8 (S.D.N.Y. Nov. 13, 2006) (dismissing plaintiff's Section 1983 claims where plaintiff failed to allege that a non-state actor improperly influenced or controlled a state actor); *Newman v. Bloomingdale's*, 543 F. Supp. 1029, 1032 (S.D.N.Y. 1982) (dismissing plaintiff's Section 1983 claims where police were not improperly influenced by a private actor). Here, there are no facts indicating that the NYPD was improperly influenced or controlled by Defendants A. Cruz, Colon, or Junco. At best, there is a conclusory allegation that Defendants A. Cruz, Colon, and Junco acted with J. Cruz to cause Plaintiff to be arrested by the NYPD. (FAC ¶ 15; SAC ¶ 7.) There are no allegations as to how Defendants A. Cruz, Colon, and Junco improperly influenced the NYPD or J. Cruz, when, by Plaintiff's admission, the other security officers followed J. Cruz's "instructions and command." (SAC ¶

23.) Plaintiff's allegations are insufficient to state a claim against Defendants A. Cruz, Colon, and Junco.

Plaintiff's Section 1983 claim against the Hospital fails because a hospital is not generally considered to be a "person" under Section 1983. *See, e.g., Schoolcraft v. City of New York*, 103 F. Supp. 3d 465, 531 (S.D.N.Y. 2015) ("[A] hospital is generally not a 'person' for the purposes of § 1983."); *Eng v. Bellevue Hosp.*, No. 14-cv-2516 (LAP), 2014 U.S. Dist. LEXIS 160887, at *12 (S.D.N.Y. Jul. 8, 2014) (dismissing claims against Bellevue Hospital "because a hospital is not a 'person' under 42 U.S.C. § 1983"); *Fahie v. Mailon*, No. 09-cv-8101 (BSJ), 2010 WL 4967839, at *1 (S.D.N.Y. Nov. 30, 2010) (Lincoln Medical Center was not a "person" for purposes of Section 1983); *Kearse v. Lincoln Hosp.*, No. 07-cv-4730 (PAC) (JCF), 2009 WL 1706554, at *2 (S.D.N.Y. June 17, 2009) (hospital was "not a 'person' and therefore [was] not amenable to suit under 42 U.S.C. § 1983"); *Williams v. City of New York*, No. 03-cv-5342 (RWS), 2005 WL 901405, at *1 (S.D.N.Y. Apr. 19, 2005) (claims against hospital defendant were dismissed because "[a] hospital, clinic and facility . . . are not 'person[s]' within the meaning of § 1983") (alteration and omission in original). Further, Plaintiff has failed to allege any facts showing that the Hospital's challenged conduct is "fairly attributable" to the state. *See Fabrikant*, 691 F.3d at 206-07.

Because neither the FAC nor the proposed SAC adequately pleads a Section 1983 claim against the Hospital, this Court recommends that all Section 1983 causes of action against the Hospital be dismissed and that Plaintiff's request to amend his complaint to include such claims against the Hospital be denied.

## V. *Plaintiff's Claims Under 42 U.S.C. § 1985(3) for Conspiracy Fail*

Plaintiff alleges that Defendants participated in a conspiracy to deprive him of his civil rights. The FAC asserts these claims against all Defendants. The proposed SAC asserts these claims against the individual Defendants. Section 1985(3) states, in pertinent part:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . , if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). To recover under Section 1985(3), a plaintiff must show the existence of (1) a conspiracy (2) meant to deprive a person or persons of the equal protection of the laws or privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States; and (5) "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (internal citations omitted). "In this context, 'class-based animus' encompasses only those groups with discrete and immutable characteristics such as race, national origin, and sex." *Martin v. New York State Dep't. of Corr. Servs.*, 115 F. Supp. 2d 307, 316 (N.D.N.Y. 2000) (internal citations omitted). Additionally, only purposeful discrimination is actionable. *Hill v. Philip Morris USA*, No. 03-cv-6922 (GEL), 2004 WL 1065548, at *4 (S.D.N.Y. May 11, 2004) (internal citations omitted). A plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or

13

tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal citations omitted).

In this case, Plaintiff alleges that all Defendants contributed to a conspiracy to restrict Plaintiff's "rights as a parent caring for his disabled minor son," based on discriminatory animus toward male members of the Williamsburg Chasidic Jewish community. (SAC ¶ 46.) Plaintiff alleges that his arrest represents the culmination of that conspiracy. To support this claim, Plaintiff alleges that Defendant J. Cruz stated to another security officer "[l]aughingly, and in mocking fashion: 'This is another Chasid arrested for fighting and abusing his wife.'" (SAC ¶ 25.)

At the outset, this Court notes that Plaintiff, as a Chasidic Jew, is a member of a protected class. *See Weiss v. Dep't of Educ. of City of N.Y.*, No. 09-cv-1689 (LTS) (DCF), 2012 WL 1059676, at *7 (S.D.N.Y. Mar. 29, 2012). The alleged statement made by Defendant J. Cruz at the time of the arrest about Plaintiff's religion supports an inference of discriminatory animus. However, Plaintiff does not adequately plead any facts showing that there was a "meeting of the minds" sufficient to plausibly allege a conspiracy between and among Defendants. His conspiracy allegations are asserted in the most conclusory manner. Although Plaintiff cites cases where state action occurred "through winks and nods," his complaint does not allege any facts to support even this conspiratorial behavior. Plaintiff's conspiracy allegations do not reach the level of plausibility required by *Iqbal*.

This Court accordingly recommends that Plaintiff's claim for a violation of Section 1985(3) be dismissed as against all Defendants and that his request to amend his complaint to include such a claim against the individual Defendants be denied.

## VI. Plaintiff's Section 1983 Claims Against Defendant J. Cruz

The last remaining claim for this Court to address is the Section 1983 claim against Defendant J. Cruz, who Plaintiff asserts is a peace officer. (FAC ¶ 13; SAC ¶ 24.) Defendants concede that Plaintiff's proposed SAC plausibly alleges that Defendant J. Cruz was acting under color of law as a peace officer, as defined by New York Criminal Procedure Law ("C.P.L.") §§ 1.20(33), 2.10 and 2.20. Defendants argue, however, that Defendant Jose Cruz is entitled to qualified immunity on the ground that J. Cruz was merely enforcing the pre-arranged visiting hours, which required Plaintiff to leave his son's hospital room by 3:00 p.m. to allow his wife time alone with their son.

Government officials are entitled to immunity when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18. "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (quoting *Harlow*, 457 U.S. at 818–19). Determining the objective legal reasonableness of a specific action depends upon the level of generality with which applicable legal rules are defined. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson,* 483 U.S. at 640. Thus, in the context of an illegal police search, the Court in *Anderson* inquired "whether a reasonable officer could have believed Anderson's warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed." *Id.* at 641.

New York law provides that peace officers have "(a) [t]he power to make warrantless arrests pursuant to section 140.25 of this chapter" and "(c) [t]he power to carry out warrantless searches whenever such searches are constitutionally permissible and acting pursuant to their special duties." C.P.L. § 2.20.  Peace officers may arrest a person for "[a]ny offense when he has reasonable cause to believe that such person has committed such offense in his presence." C.P.L. § 140.25.

Based on the facts provided in the FAC and SAC, this Court assumes that Defendant J. Cruz arrested Plaintiff for trespass.  "A person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." N.Y. Penal Law § 140.05.  "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so." N.Y. Penal Law § 140.00.  "A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or authorized person." *Id.*  As a violation, a trespass is an "offense" under the New York Penal Law.  N.Y. Penal Law §10.00.

In Plaintiff's SAC, Plaintiff acknowledges that he agreed to leave his son's room "during substantial hours set aside for visitation by Esther Masri." (SAC ¶ 20.)  By Plaintiff's own admission, the visitation schedule gave Ms. Masri the right to visit their son alone every day between 3:00 p.m. and 10:00 p.m. (*Id.*)  Plaintiff was arrested at 3:15 p.m., during the time, according to Plaintiff's SAC, that Plaintiff's wife's was to have exclusive visitation rights. (SAC ¶ 23.)  Neither the FAC nor the SAC sets forth the facts leading up to the altercation that resulted in Plaintiff's removal from his son's hospital room and arrest.  All that is alleged is that J. Cruz

"tackled" Plaintiff and "twisted his arm" when handcuffing him. (FAC ¶ 13; SAC ¶¶ 4, 24.) With respect to seizure of belongings, Plaintiff states his belongings were searched and seized and that his visiting pass was confiscated. (FAC ¶ 12; SAC ¶¶ 4, 23.) Plaintiff does not assert that he was injured or taken to the hospital for injuries sustained during his arrest. Moreover, Plaintiff was informed that he was trespassing "by refusing to leave" his son's room after 3:00 p.m. (SAC ¶ 23.)

Qualified immunity is an affirmative defense. When evaluating the defense in the context of a Rule 12(b)(6) or Rule 15(a) motion, the Court must assess whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (internal quotation marks and citations omitted). There is no question that Plaintiff had a right not be arrested without probable cause; this principle of constitutional law is clearly established. *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007). Plaintiff's SAC does not state whether the statement made by the security officers informing Plaintiff that he was trespassing was issued before or after Plaintiff's arrest. If issued before Plaintiff's arrest, this statement could qualify as a "lawful order" not to remain. No facts are provided to inform the Court what led to the "tackling" and "twisting" of Plaintiff's arm. Because of gaps in the factual allegations relating to Plaintiff's arrest, including what information was known to Defendant J. Cruz about the visiting hours agreement and Plaintiff's own conduct preceding his arrest, the Court cannot find at this stage of the litigation that Defendant J. Cruz's actions were objectively reasonable at the time of Plaintiff's arrest. *See McKenna*, 386 F.3d at 437 (dismissing interlocutory appeal where availability of qualified immunity could not be determined as a matter of law); *Jurkowitsch v.*

17

*City of New York*, No. 14-cv-6810 (PKC)(RML), 2015 WL 8489964 (E.D.N.Y. Dec. 9, 2015), *aff'd sub nom. Jurkowitsch v. Choudhury*, 673 F. App'x 44 (2d Cir. 2016) (rejecting qualified immunity defense as premature at dismissal stage where police officer's knowledge at time of arrest was not apparent from complaint).  After additional discovery, Defendant J. Cruz may raise the qualified immunity defense again on a motion for summary judgment.

This Court thus recommends denying Defendants' motion to dismiss the Section 1983 claim against Defendant J. Cruz on the basis of qualified immunity and granting Plaintiff's motion to file a SAC containing only his Section 1983 claim against J. Cruz.[2]  This will require Plaintiff to conform the proposed SAC to the recommendations herein to the extent they are adopted.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendants' Motion to Dismiss (Doc. No. 30) be DENIED with respect to Plaintiff's causes of action under Section 1983 against Defendant Jose Cruz but GRANTED in all other respects as to all Defendants.  This Court likewise recommends that Plaintiff's Motion to Amend (Doc. No. 39) be GRANTED insofar as it asserts causes of action under Section 1983 against Defendant Jose Cruz but DENIED in all other respects.  Plaintiff shall prepare a new Second Amended Complaint that conforms to this ruling.  The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff.

---

[2] The Court does not reach the issue of qualified immunity as to the other individual Defendants because the Section 1983 claims against them fail as a matter of law.

Dated: November 27, 2018
      New York, New York

                                 Respectfully submitted,

                                 */s/ Katharine H. Parker*
                                 KATHARINE H. PARKER
                                 United States Magistrate Judge

## **NOTICE**

      The Plaintiff shall have seventeen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).  Defendants shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.

      If Defendants file written objections to this Report and Recommendation, the Plaintiff may respond to Defendants' objections within seventeen days after being served with a copy. Fed. R. Civ. P. 72(b)(2).  Alternatively, if Plaintiff files written objections, Defendants may respond to such objections within fourteen days after being served with a copy.  Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d).  Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Torres.  The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).