USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH H. MASRI,

          Plaintiff,

-against-

JOSE E. CRUZ,

          Defendant.

17 Civ. 8356 (AT) (KHP)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Joseph H. Masri, brings this action against Defendant, Jose E. Cruz ("Cruz"), alleging violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 and various tort claims under New York common law. Am. Compl., ECF No. 67. This lawsuit arises from an incident that occurred in 2014 when Plaintiff was visiting a patient at a hospital where Defendant was employed as a private security guard. Plaintiff originally filed this action on October 27, 2017 against multiple defendants, ECF No. 2, and on January 25, 2019, the Court dismissed all claims against all defendants except for Plaintiff's cause of action against Cruz under Section 1983 (the "January 25 Order"),[1] *see* January 25 Order, ECF No. 59. The January 25 Order also granted Plaintiff's motion to amend the complaint "insofar as it asserts a cause of action under Section 1983" against Cruz but denied it in "all other respects." *Id.* at 9. The Court ordered Plaintiff to file a second amended complaint that conformed to the January 25 Order. *Id.*

    On April 12, 2019, Plaintiff filed a second amended complaint (the "amended complaint") asserting five causes of action against Cruz: a Section 1983 claim and claims for false imprisonment, false arrest, intentional infliction of emotional distress, and negligent

---

[1] The January 25 Order adopted in its entirety a Report and Recommendation issued by the Honorable Katharine H. Parker on November 27, 2018, ECF No. 48. *See* January 25 Order.

infliction of emotional distress. Am. Compl. ¶¶ 23–37. On April 23, 2019, Cruz moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 68. For the reasons stated below, Cruz's motion is GRANTED.

## BACKGROUND

The following facts are taken from the amended complaint, which the Court accepts as true for purposes of this motion. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). In the early afternoon on October 28, 2014, Plaintiff was at the New York Presbyterian Hospital (the "Hospital") visiting his son, who was a patient there. Am. Compl. ¶ 4. At the time, Plaintiff was estranged from his wife. *Id.* ¶ 6. Plaintiff contends that the Hospital provided him with a pass that permitted him to visit his son at any time and without time limits. *Id.* ¶ 5. At approximately 1:00 p.m. on October 28, 2014, while Plaintiff was still visiting his son at the Hospital, Plaintiff's wife arrived and insisted to Hospital staff that she did not want Plaintiff to be present in the room when she visited their son. *Id.* ¶ 7.

Between 2:00 p.m. and 3:00 p.m., Plaintiff was arrested by several individuals including Cruz, a "security sergeant" employed by the Hospital. *Id.* ¶¶ 2, 9. Then, Cruz, assisted by the other individuals, allegedly twisted Plaintiff's arm, handcuffed him, and took his hospital visiting pass. *Id.* ¶¶ 10–11. While handcuffing Plaintiff, Cruz—"acting in concert and conspiracy with [the other individuals]"—told Plaintiff he was licensed by the New York Police Department (the "NYPD") and working on special assignment at the Hospital. *Id.* ¶ 11. Cruz also told Plaintiff "that any attempt by [him] to resist arrest would be cause for additional criminal charges being filed" against him. *Id.*

Plaintiff, in handcuffs, was then brought to the Hospital's security office. *Id.* ¶ 12. Plaintiff alleges that Cruz "is believed to have contacted or instructed another to contact" the

2

NYPD. *Id.* ¶ 13. When the police arrived, Cruz and the other individuals "spen[t] approximately fifty (50) minutes insisting that the [NYPD] further arrest Plaintiff, and charge [him] with misdemeanor trespassing." *Id.* ¶ 14. Shortly thereafter, the NYPD arrested Plaintiff and charged him with misdemeanor trespassing. *Id.* ¶ 15. On or about December 17, 2014, all charges against Plaintiff were dropped. *Id.* ¶ 20.

## DISCUSSION

I. <u>Legal Standard</u>

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See ATSI Commc'ns*, 493 F.3d at 98. A plaintiff is not required to provide "detailed factual allegations," but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Pro se* plaintiffs receive special solicitude from courts. Courts must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted). That said, pleadings cannot survive by making "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). A court should reject "threadbare recitals" of the elements of a cause of action "supported by mere conclusory statements," *Chavis v. Chappius*, 618 F.3d 162,

3

170 (2d Cir. 2010), and "bald assertions" unsupported by details which are sufficient to meet the minimum pleading requirements for a cause of action, *Lawtone-Bowles v. N.Y. City Hous. Auth.*, No. 13 Civ. 1434, 2014 WL 705272, at *2–3 (S.D.N.Y. Feb. 20, 2014).

Finally, although Plaintiff failed to oppose Cruz's motion to dismiss,[2] "failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007). "'[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Gregory v. Ricigliano*, No. 12 Civ. 4372, 2014 WL 119475, at *5 (E.D.N.Y. Jan. 10, 2014) (quoting *Goldberg v. Danaher*, 599 F.3d 181, 184 (2d Cir. 2010)). The Court, therefore, "must assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* (internal quotation marks and citation omitted).

II. Analysis

A. State Law Claims

Plaintiff's amended complaint asserts state law claims of false imprisonment, false arrest, intentional infliction of emotional distress, and negligent infliction of emotional distress. Am. Compl. ¶¶ 26–37. Cruz argues that these must be dismissed because the Court previously dismissed them in the January 25 Order and they "exceed the scope of this Court's leave to amend." Def. Mem. at 5, ECF No. 70. The Court agrees.

"District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended

---

[2] Plaintiff's deadline to oppose Cruz's motion was May 7, 2019. *See* ECF No. 72. However, in light of Plaintiff's *pro se* status, on May 17, 2019, the Court *sua sponte* extended Plaintiff's deadline to file his opposition brief to May 31, 2019. ECF No. 73. In that order, the Court stated that "[i]f Plaintiff fails to respond by that date, the Court will decide the motion to dismiss without an opposition." *Id.* To date, Plaintiff has not filed an opposition brief.

4

complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012); *see also Willett v. City Univ. of N.Y.*, No. 94 Civ. 3873, 1997 WL 104769, at *2 (E.D.N.Y. Feb. 18, 1997) (refusing to consider claims raised by *pro se* plaintiff in amended complaint which exceeded scope of leave to amend). The January 25 Order dismissed Plaintiff's state law claims of false imprisonment, false arrest, intentional infliction of emotional distress, and negligent infliction of emotional distress as to all defendants—including Cruz—and denied Plaintiff leave to amend with respect to these claims. *See* January 25 Order at 8–9 ("Defendants' motion to dismiss is DENIED with respect to Plaintiff's cause of action under Section 1983 against Defendant Jose Cruz but GRANTED in all other respects as to all Defendants. Additionally, Plaintiff's cross-motion to amend is GRANTED insofar as it asserts a cause of action under Section 1983 against Defendant Jose Cruz but DENIED in all other respects."); *see also* R&R, ECF No. 48.

Plaintiff, therefore, is not entitled to replead these claims in the amended complaint because they have already been dismissed and exceed the scope of the Court's leave to amend. Accordingly, Plaintiff's state law claims are DISMISSED.

  B. Section 1983 Claim

Next, Cruz argues that Plaintiff's Section 1983 claim must be dismissed because the amended complaint does not allege that Cruz's conduct was in any way attributable to the state. Def. Mem. at 6–7. Cruz is correct.

To assert a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege two things: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d

545, 547 (2d Cir. 1994) (internal citation omitted). To sustain a Section 1983 claim against a private individual or entity, a complaint must include facts demonstrating that the private actor's conduct is "fairly attributable to the state." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (internal quotation marks and citation omitted).

Construed liberally, Plaintiff alleges the following relevant facts: Cruz, a peace officer employed by the Hospital as a security sergeant, Am. Compl. ¶ 2, acted in concert and conspiracy with other individuals, *id.* ¶ 11. While Plaintiff was being "arm-twisted and handcuffed," Cruz and the other individuals falsely advised Plaintiff that they were "licensed" by the NYPD, "working on special assignment" for the Hospital, and "acting also at that time for [NYPD]." *Id.* Plaintiff was also told that "any attempt by Plaintiff to resist arrest would be cause for additional criminal charges being filed against [him]." *Id.* Plaintiff, in handcuffs, was then brought to the Hospital's security office. *Id.* ¶ 12. At that point, Cruz either contacted the NYPD himself or instructed another to do so, *id.* ¶ 13, and when the NYPD arrived at the security office, Cruz and other individuals insisted that the NYPD arrest Plaintiff and charge him with misdemeanor trespass, *id.* ¶ 14. The NYPD then arrested Plaintiff and charged him with misdemeanor trespass. *Id.* ¶ 15.

None of these facts allege that Cruz's conduct was attributable to the state or taken under color of state law. "Generally, the acts of private security guards, hired by a [company], do not constitute state action under § 1983." *Prowisor v. Bon-Ton, Inc.*, 426 F. Supp. 2d 165, 170 (S.D.N.Y. 2006) (internal quotation marks and citation omitted), *aff'd*, 232 F. App'x 26 (2d Cir. 2007). "Indeed, security guards have only been found to act under color of state law in limited circumstances, such as when a security guard was deputized as a 'special patrolman,' or where the store security guard and police officers acted in tandem." *Orellana v. Macy's Retail*

6

*Holdings, Inc.*, No. 17 Civ. 5192, 2018 WL 3368716, at *18 (S.D.N.Y. July 10, 2018) (internal citations omitted). There are two other recognized exceptions to this general rule, "first when private security guards are given the authority of state law or willfully participated in the joint activity of the State or its agents." *Rose v. City of Waterbury*, No. 3:12 Civ. 291, 2013 WL 1187049, at *6 (D. Conn. Mar. 21, 2013). Willful participation in joint activity requires "more than a general understanding that the security guards can call the police for assistance. The police must allow the security guard's judgment about whether probable cause exists to be substituted for their own" by failing to make any independent investigation. *Harris v. Security Co. of 1370 Sixth Ave.*, No. 94 Civ. 2599, 1996 WL 556927, at *3 (S.D.N.Y. Oct. 1, 1996) (citations omitted). Here, there are no allegations that the NYPD officers failed to investigate or failed to make their own judgment on whether probable cause to arrest Plaintiff existed, only "general allegations of cooperation between [Cruz] and [NYPD officers]" which "do not make out a claim of action taken under color of state law." *Bishop v. Best Buy, Co.*, No. 08 Civ. 8427, 2010 WL 4159566, at *8 (S.D.N.Y. Oct. 13, 2010) (internal quotation marks and citation omitted).

Indeed, courts in this Circuit have repeatedly found allegations that a private security officer detained an individual and called the police, and the police thereafter arrested the individual, insufficient to establish the requisite nexus to state action. *See, e.g.*, *Orellana*, 2018 WL 3368716, at *18; *Prowisor*, 426 F. Supp. 2d at 170; *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 38 (E.D.N.Y. 2004) ("Even if the police subsequently arrest a shoplifter on the basis of a guard's statements, absent joint action by the guard and the police, or special patrolman status on the part of the guard, the guard's complaint to a police officer is no different than that of any other civilian witness to a crime."). Here, there are no allegations which suggest

7

a "sufficient relationship" between Cruz and the NYPD to indicate either a "close nexus or high level of entanglement" between the two to constitute state action. *Prowisor*, 426 F. Supp. 2d at 170; *see also Estes El v. Long Island Jewish Med. Ctr.*, No. 95 Civ. 1047, 1995 WL 217545, at *1 (S.D.N.Y. Apr. 12, 1995) (dismissing 1983 claims against hospital and its security guards where plaintiff alleged he was assaulted and detained by hospital security guards pending his arrest by the NYPD, because plaintiff failed to allege a "close relationship between the police and [hospital] security guards").

Although Plaintiff alleges that Cruz "contacted, or instructed another to contact" the NYPD, Am. Compl. ¶ 13, the mere act of calling the police does not constitute state action, nor does the act of detaining an individual suspected of wrongdoing until the police arrive. *See, e.g.*, *Rose*, 2013 WL 1187049, at *5 (collecting cases). Further, when a private party detains an individual accused of criminal activity, the private party's oral complaint to the police is insufficient—without more—to transform his conduct into state action unless the police officers were improperly influenced or controlled by the private party. *See Newman v. Bloomingdale's*, 543 F. Supp. 1029, 1032 (S.D.N.Y. 1982) (finding no state action under Section 1983 when police arrested and detained an individual accused of shoplifting "solely on the oral complaint of store personnel"). Furthermore, "even assuming [Cruz] had supplied the police with false information, [P]laintiff would still fail to state a claim." *Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 405 (S.D.N.Y. 2004).

Indeed, this case is similar to *Newman v. Bloomingdale's*. In *Newman*, plaintiff was shopping in a Bloomingdale's store, when she was stopped by a store security guard, taken to a security area, and accused of stealing goods. 543 F. Supp. at 1030. When plaintiff refused to sign a confession, the security guard warned her that "she would be turned over to the local

police for arrest." *Id.* Police then placed plaintiff under arrest, and took her into custody, and her charges were dismissed months later. *Id.* She sued under Section 1983, but the Court dismissed plaintiff's claims finding that "police, by arresting and detaining an individual accused of shoplifting solely on the oral complaint of store personnel and pending the filing of a formal complaint" did not transform Bloomingdale's or its security guard's conduct into state action. *Id.* at 1032. The same is true here. Moreover, other courts faced with similar scenarios have found state action only when "plaintiffs' allegation of a conspiracy between the [private] defendants and the police goes beyond conclusory allegations and naked assertions." *Bacquie v. City of New York*, No. 99 Civ. 10951, 2000 WL 1051904, at *1–2 (S.D.N.Y. July 31, 2000) (denying motion to dismiss Section 1983 claim when allegations were sufficient to "give[] rise to an inference that the officers and hotel security were acting in concert"). Even after amending his complaint twice, ECF Nos. 17 & 67, Plaintiff here fails to allege any facts—conclusory or otherwise—showing that Cruz and the NYPD were acting in concert.

Because the alleged conduct by Cruz cannot be deemed fairly attributable to the state, he did not act under color of state law and is not subject to Section 1983 liability. Accordingly, Plaintiff's Section 1983 claim against Cruz is DISMISSED.

## CONCLUSION

For the reasons stated above, Cruz's motion to dismiss all claims against him is GRANTED and the amended complaint is DISMISSED. The Clerk of Court is directed to enter judgment in accordance with this order, terminate the motion at ECF No. 68, and close the case. The Clerk of Court is further directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: June 5, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge